UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:                                          Case No. 16-21964-dob

**Angela Jane-Howey Simpson,**                  Chapter 7

    Debtor.                               Hon. Daniel S. Opperman
_____/

# MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)

Daniel M. McDermott, United States Trustee, states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed under 11 U.S.C. § 707(b)(3)(B). A proposed Order is attached.

2. The Debtor filed this Chapter 7 case on November 6, 2016.

3. The Debtor's obligations are primarily consumer debts.

4. The Debtor scheduled nonpriority unsecured debt of $409,374.05, including $385,345.40 in student loans.

**Abuse Under 11 U.S.C. § 707(b)(3)(B) - Totality of the Circumstances**

5. The Debtor's Schedule I lists gross monthly income of $7,833.00 and net monthly income of $4,854.00.

6. The Debtor's Schedule J lists monthly expenses of $4,822.00.

7. As scheduled, the Debtor has a monthly surplus of $32.00.

8. The Debtor's Schedule I lists a domestic support obligation of $1,000.00 that will end in less than one year. The Debtor would have these funds available to pay creditors.

9. The Debtor's Schedule J lists a student loan payment of $225.00 per month, which should be treated and paid equally with other unsecured creditors.

10. The Debtor's Schedule J a lists a payment for a "2nd automobile" of $200.00, which exceeds what is reasonable and necessary for the support of a single Debtor.

11. After an appropriate adjustment to the Debtor's schedules, the Debtor would have the ability to repay a significant portion of her unsecured obligations.

12. The Debtor's attempt to obtain relief under Chapter 7 when she can make a meaningful contribution in a Chapter 13 plan constitutes an abuse of the provisions of Chapter 7.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

          Respectfully submitted,

          **DANIEL M. McDERMOTT**
          **UNITED STATES TRUSTEE**
          Region 9

By: /s/ Jill M. Gies
     Trial Attorney
     Office of the U.S. Trustee
     211 West Fort St - Suite 700
     Detroit, Michigan 48226
     (313) 226-7913
     Jill.Gies@usdoj.gov
     [P56345]

Dated: December 20, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:                                                                 Case No. 16-21964-dob

**Angela Jane-Howey Simpson,**                           Chapter 7

    Debtor.                                                          Hon. Daniel S. Opperman
_____/

# ORDER DISMISSING CHAPTER 7 CASE

This case is before the Court on the Motion of the United States Trustee for an order dismissing the above-captioned case under the provisions of § 707(b)(3) of the Bankruptcy Code.

No timely response or objection to the Motion has been filed. The Court, has considered the pleadings, and finds good cause to enter this Order.

**IT IS ORDERED** that the Motion is granted, and this case is **DISMISSED.**

In re:                                                        Case No. 16-21964-dob

**Angela Jane-Howey Simpson,**                   Chapter 7

         Debtor.                                       Hon. Daniel S. Opperman
_____/

## NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE

       The United States Trustee has filed papers with the court to dismiss the above entitled case.

       **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.).

       If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

       1.       File with the court a written response or an answer, explaining your position at:[1]

                                       U.S. Bankruptcy Court
                                           111 First Street
                                         Bay City, MI 48708

       If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

       You must also mail a copy to:       Jill M. Gies
                                                                 Office of the United States Trustee
                                                                 211 West Fort Street, Suite 700
                                                                 Detroit, MI 48226

       2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

       If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                                **DANIEL M. McDERMOTT**
                                                                **UNITED STATES TRUSTEE**
                                                                Region 9

                                      By:     /s/ Jill M. Gies
                                                        Trial Attorney
                                                        Office of the U.S. Trustee
                                                        211 West Fort St - Suite 700
                                                        Detroit, Michigan 48226
                                                        (313) 226-7913
                                                        Jill.Gies@usdoj.gov
                                                        [P56345]

Dated: December 20, 2016

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:  Case No. 16-21964-dob

**Angela Jane-Howey Simpson,**  Chapter 7

    Debtor.  Hon. Daniel S. Opperman
_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(3)**

**Dismissal Under 11 U.S.C. § 707(b)(3)**

This Court may dismiss Debtor's case if the totality of the circumstances of Debtor's financial situation demonstrates abuse.

Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. See, e.g., *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should

examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

**Payments for student loans**

The Debtor's student loan payments are not priority obligations and therefore should be afforded no greater treatment than other general unsecured debts. Citing *In re Baker*, 400 B.R. 594 (Bankr. N.D. Ohio 2009), the Court in *McGowan v. McDermott*, 445 B.R. 821 (N.D. Ohio 2011) stated:

> (I)t is well settled that debtors may not favor one creditor over another. *Baker*, 400 B.R. at 599. Student loans, while generally nondischargeable, may not be accorded priority treatment under the Bankruptcy Code. *Id*. at 600. It is therefore improper to allow Debtors to pay their student loan creditors while providing no distribution to other general unsecured creditors who face debt discharge. Debtors, likewise, may not include their student loan payments in calculating monthly disposable income.

*McGowan*, at 826. Case law also provides that as unsecured, nonpriority claims, guaranteed educational loans are entitled to no greater payment in a chapter 13

2

plan that other unsecured, nonpriority claims.  *See*, *In re Bentley*, 266 B.R. 229 (1st Cir. B.A.P. 2001).

The Debtor's attempt to obtain relief under Chapter 7 constitutes an abuse of the provisions of Chapter 7.  *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989), *In re Keating*, 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.). The granting of relief to the Debtor would be an abuse of the provisions of chapter 7 under § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

## CONCLUSION

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

        Respectfully submitted,

        **DANIEL M. McDERMOTT**
        **UNITED STATES TRUSTEE**
        Region 9

        By:   /s/ Jill M. Gies
              Trial Attorney
              Office of the U.S. Trustee
              211 West Fort St - Suite 700
              Detroit, Michigan 48226
              Jill.Gies@usdoj.gov
              (313) 226-7913
              [P56345]

Dated:   December 20, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

In re:  Case No. 16-21964-dob

**Angela Jane-Howey Simpson,**  Chapter 7

    Debtor.  Hon. Daniel S. Opperman
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2016, I served copies as follows:

1. Documents Served:  *Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2. Served Upon:  Angela Jane-Howey Simpson
 9783 Teton Ridge
 Gaylord MI 49735

3. Method of Service:  First Class Mail

    **DANIEL M. McDERMOTT**
    **UNITED STATES TRUSTEE**
    Region 9

    By:  /s/ Karen Riggs
        Paralegal Specialist
        Office of the U.S. Trustee
        211 West Fort Street - Suite 700
        Detroit, Michigan 48226
        (313) 226-7259
        Karen.Riggs@usdoj.gov

Dated: December 20, 2016